UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARA TEGGERDINE, individually and
on behalf of all others similarly situated,

    Plaintiffs,

vs.    Case No. 8:16-cv-3280-T-27TGW

SPEEDWAY LLC,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant Speedway LLC's Motion to Dismiss (Dkt. 9), which Plaintiff opposes (Dkt. 20). Upon consideration, the Motion (Dkt. 9) is DENIED.

**Background**

This class action stems from Speedway LLC's implementation of a debit/credit card program at its retail gasoline convenience stores on November 16 and 17, 2016, and the alleged authorization holds placed on customers' accounts who purchased gasoline at the pump with debit cards. Kara Teggerdine visited a Speedway store on November 17, 2016 to purchase gasoline for her vehicle. She alleges that she purchased $5.01 worth of gasoline at the pump using her debit card, and unbeknownst to her, Speedway placed a hold of $125.00 on her bank account pending approval of the transaction. The hold "wiped out the $59.70 in her bank account, leaving her with a zero balance." (Dkt. 1 ¶ 14). Later in the day, her check card was declined for insufficient funds, and she did not have the funds to pay her rent. (Dkt. 1 ¶¶ 14, 18). The hold on her account was not released

1

for approximately forty-eight hours. (Dkt. 1 ¶ 17). She alleges that the hold resulted from Speedway's implementation of the "Real Time Clearing Program" which increased the authorization hold from $1.00 to $125.00 for customers using debit cards to purchase gasoline from the pump. She brings this class action on behalf of herself and as a representative of the putative class alleging negligence, breach of implied contract, unjust enrichment, and violation of Florida's Deceptive and Unfair Trade Practice Act, Fla. Stat. § 501.201, et seq., ("FDUTPA").[1] Speedway moves pursuant to Rule 12(b)(6) to dismiss her FDUTPA claim. (Dkt. 9).

**Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In evaluating a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the relevant question is whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations, not whether the plaintiff will ultimately prevail. *See Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

A complaint must be dismissed pursuant to Rule 12(b)(6) if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. "[W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," a claim is plausible. *Ashcroft v. Iqbal*, 556

---

[1] Jurisdiction is based on the Class Action Fairness Act, 28 U.S.C. § 1332(d). (Dkt. 1 ¶ 7).

U.S. 662, 678 (2009). For the purposes of a motion to dismiss, all of the factual allegations contained in the complaint must be accepted as true. *Id.* But, this tenet is "inapplicable to legal conclusions." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

**Count IV - Violation of Fla. Stat. § 501.204**

### A. Actual Damages

Speedway contends that because Plaintiff regained access to her funds that were subject to the authorization hold, she did not suffer actual damages as required to state a FDUTPA claim. Plaintiff counters that her allegations are sufficient to state a claim.

In enacting FDUTPA, "the Florida Legislature intended to create a simplified statutory cause of action . . . [for] citizens of this state to recover economic damages related to products or services purchased in a transaction infected with unfair or deceptive trade practices or acts." *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 776 (Fla. 2003). "The act is intended to protect a consumer from unfair or deceptive acts or practices which diminish the value or worth of the goods or services purchased by the consumer." *Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 454 (Fla. 1st DCA 1985). And, the elements required to establish a FDUTPA claim for damages are: "1) a deceptive act or unfair practice; 2) causation; and 3) actual damages." *KC Leisure, Inc. v. Haber*, 972 So.2d 1069, 1073 (Fla. 5th DCA 2008).

Actual damages are "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *Smith v. 2001 S. Dixie Highway, Inc.*, 872

3

So. 2d 992, 994 (Fla. 4th DCA 2004) (citation and internal quotation marks omitted). Actual damages "do[] not include 'actual consequential' damages", *id.*, "nominal damages, speculative losses, or compensation for subjective feelings of disappointment."[2] *Rollins, Inc. v. Butland*, 951 So. 2d 860, 873 (Fla. 2d DCA 2006).

Plaintiff alleges that she purchased $5.01 worth of gasoline from Speedway, and $59.70 was held from her account. (Dkt. 1 ¶¶ 13-14). In other words, Speedway initially held $59.70 for $5.01 worth of gasoline. Granted, the additional $54.69 was released shortly thereafter. (Dkt. 1 ¶ 17). Still, for forty-eight hours, she alleges that she was wrongfully denied the use of her personal funds.[3] (Dkt. 1 ¶ 71). At this stage, her allegations are sufficient to state a claim. *See e.g. Gaines v. Dougherty Cty. Bd. of Educ.*, 775 F.2d 1565, 1572 n.14 (11th Cir. 1985).

**B. Injunctive Relief**

Speedway contends that because Plaintiff alleges that it discontinued the Real Time Clearing Program, her claim for injunctive relief is moot. Speedway, therefore, challenges this Court's subject matter jurisdiction. *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005). Because Speedway challenges this Court's subject matter jurisdiction, its motion is treated as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

"'[T]he doctrine of voluntary cessation provides an important exception to the general rule

---

[2] Plaintiff's reliance on Washington state court decisions recognizing a cognizable injury for the temporary loss of use of property under the Washington Consumer Protection Act ("WCPA") is misplaced. There are five elements to a WCPA claim, and "[a]ctual damages is not one of them." *Handlin v. On-Site Manager Inc.*, 351 P.3d 226, 230 (Wash Ct. App. 2015). Unlike FDUTPA, WCPA recognizes unquantifiable damages and the failure to show actual monetary damages does not act as a complete bar to recovery. *Id.*

[3] "Remember that *time* is money." Benjamin Franklin, *Advice to a Young Tradesman, in* Little Masterpieces 153 (Bliss Perry ed., 1898) (emphasis in original). "[W]aste neither *time* nor *money*, but make the best use of both." *Id.* at 155 (emphasis in original).

that a case is mooted by the end of the offending behavior[.]'" *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1183 (11th Cir. 2007) (Cox, J., concurring in part and dissenting in part) (quoting *Troiano v. Supervisor of Elections in Palm Beach Cty., Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004)). The standard in determining if the case has been mooted by the defendant's voluntary conduct is stringent. *Id.* "'A case *might* become moot if subsequent events made it *absolutely clear* that the allegedly wrongful behavior *could not reasonably be expected to recur*.'" *Id.* (citation omitted; emphasis in original). And, the defendant has the "formidable, heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up[.]" *Id.* (internal quotation marks and citations omitted).

FDUTPA permits an action "to enjoin a person who has violated . . . or is otherwise likely to violate this part." Fla. Stat. § 501.211(1). Stated differently, a plaintiff may seek injunctive relief even where the defendant has voluntarily ceased the conduct alleged to be in violation of FDUTPA.[4] *Off Lease*, 187 So. 3d at 870; *Davis v. Powertel, Inc.*, 776 So. 2d 971, 975 (Fla. 1st DCA 2000) ("an aggrieved party may pursue a claim for declaratory or injunctive relief under the Act, even if the effect of those remedies would be limited to the protection of consumers who have not yet been harmed by the unlawful trade practice").

As the party asserting mootness, it is Speedway's burden to persuade the court that the challenged conduct "cannot reasonably be expected to start up." *Sheely*, 505 F.3d at 1183. Speedway

---

[4] This is not to suggest that a plaintiff's claim for injunctive relief will survive summary judgment. "Under Florida law 'an injunction will not be granted where it appears that the acts complained of have already been committed and there is no showing by the pleadings *and proof that there is a reasonably well grounded probability that such course of conduct will continue in the future.*'" *Off Lease Only, Inc. v. LeJeune Auto Wholesale, Inc.*, 187 So. 3d 868, 870 (Fla. 3d DCA 2016), reh'g denied (Mar. 23, 2016)(quoting *City of Jacksonville v. Wilson*, 157 Fla. 838, 27 So.2d 108, 111 (1946)(emphasis added)).

has not met its heavy burden. Speedway argues that "there is no allegation (nor could there be)" that it has reimplemented the Real Time Clearing program. The absence of an allegation, however, fails to "make it absolutely clear" that placing an authorization hold on customers' accounts without their knowledge "could not reasonably be expected to occur." *Id.* And, under FDUTPA, a plaintiff may seek injunctive relief even when the offending conduct has ceased. Fla. Stat. § 501.211(1); *OffLease*, 187 So.3d at 870; *Davis*, 776 So.2d at 975. Its cursory statement "nor could there be" suggesting that "it has no intention of reinstating [the Real Time Clearing program] 'does not suffice to make [this]case moot' and is but 'one of the factors to be considered in determining the appropriateness of granting an injunction against the now-discontinued acts.'"[5] *Id.* at 1184 (citation omitted). Because Speedway has failed to meet its burden that Plaintiff's claim for injunctive relief is moot, its motion to dismiss her claim for injunctive relief is due to be denied.[6]

## C. Statutory Damages

Speedway contends that statutory damages under FDUTPA are unavailable to private litigants. Plaintiff asserts that she is not seeking a civil penalty pursuant to § 501.2075, Fla. Stat., but rather attorneys' fees and costs as prescribed by § 501.211(2), Fla. Stat. Effectively, Plaintiff concedes that she no longer seeks "statutory damages as prescribed by . . . [§] 501.2075", (Dkt. 1 ¶ 73), which are only recoverable "by the enforcing authority." Fla. Stat. § 501.2075.

---

[5] Three factors are considered in determining mootness where a private defendant has voluntarily ceased the offending conduct: "(1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability." *Sheely*, 505 F.3d at 1184. Speedway's reliance on the absence of an allegation and its cursory reference that there could not be such an allegation renders it impossible to thoroughly consider these factors.

[6] Speedway's contention that the request for injunctive relief is unenforceable as an "obey the law" injunction is premature. An injunction has not been entered.

Speedway's contention that Plaintiff is not entitled to costs or fees pursuant to § 501.211(2), Fla. Stat. is without merit. Section 501.211(2), Fla. Stat. permits recovery of "attorney's fees and court costs." And, Plaintiff seeks "attorneys' fees and costs . . . as prescribed by § 501.211(2)." (Dkt. 1 ¶ 73). With the understanding that Plaintiff is not seeking a civil penalty pursuant to § 501.2075, Fla. Stat., Speedway's motion to dismiss her claim for statutory damages is due to be denied.

**Conclusion**

Accordingly, Defendant Speedway LLC's Motion to Dismiss (Dkt. 9) is **DENIED**. Speedway shall answer the Complaint within **fourteen (14) days**.

**DONE AND ORDERED** this 12th day of May, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record