UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARA TEGGERDINE, individually and
on behalf of all others similarly situated,

Plaintiffs,

vs.   Case No. 8:16-cv-3280-T-27TGW

SPEEDWAY LLC and WORLDPAY US, INC.,

Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Speedway LLC's Motion to Dismiss Amended Complaint (Dkt. 57), Worldpay US, Inc.'s Motion to Dismiss Amended Complaint in Part (Dkt. 66), and Plaintiff's opposition (Dkts. 60, 70). Upon consideration, the Motions (Dkts. 57, 66) are GRANTED in part and DENIED in part.

**Background**

This class action stems from the implementation of a debit/credit card program, the Real Time Clearing program, at Speedway's retail gasoline convenience stores on November 16 and 17, 2016, and the alleged authorization holds placed on customers' accounts who purchased gasoline at the pump. Plaintiff asserts claims for negligence, breach of implied contract, unjust enrichment, and violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* Speedway and Worldpay move to dismiss her claims for injunctive relief and unjust enrichment. And, Speedway moves to dismiss her negligence claim.

1

**Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the relevant question is whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations, not whether the plaintiff will ultimately prevail. *See Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

A complaint must be dismissed pursuant to Rule 12(b)(6) if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. "[W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," a claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For the purposes of a motion to dismiss, all of the factual allegations contained in the complaint must be accepted as true. *Id.* But, this tenet is "inapplicable to legal conclusions." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

"[A] dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n. 42 (11th Cir.1991)). A motion to dismiss for lack of subject matter jurisdiction

can challenge the allegations of the complaint or use extrinsic material, such as affidavits or testimony. *Id.* at 1232-33. And, "[a] dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Id.* at 1232.

**Discussion**

### I. Injunctive Relief

Plaintiff seeks injunctive relief under all four of her claims: negligence, breach of implied contract, unjust enrichment, and violations of FDUTPA. Defendants contend that Plaintiff lacks standing to seek injunctive relief because she has not alleged that she will suffer future harm. Defendants contend that Plaintiff's testimony, that she purchases gas inside to avoid the holds at issue in this lawsuit, demonstrates that their alleged conduct is not causing her irreparable harm.

To sufficiently allege standing, plaintiff must allege "an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Id.* at 1232 (internal quotation marks and citation omitted). And, "'[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate-as opposed to a merely conjectural or hypothetical-threat of future injury.'" *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (quoting *Wooden v. Board of Regents of University System of Georgia*, 247 F.3d 1262, 1284 (11th Cir.2001)).

District courts are divided on whether a plaintiff has standing to seek injunctive relief under FDUTPA if the plaintiff will not benefit from the injunction, or in other words, if the plaintiff has not demonstrated a threat of future injury. *Compare Seidman v. Snack Factory, LLC*, No. 14-62547-CIV, 2015 WL 1411878, at *5 (S.D. Fla. Mar. 26, 2015) (Cohn, J.), *and Dapeer v.*

3

*Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1373 (S.D. Fla. 2015) (Cooke, J.) *with Dye v. Bodacious Food Co.*, No. 14-80627-CIV, 2014 WL 12469954, at *3 (S.D. Fla. Sept. 9, 2014) (Dimitrouleas, J.), *and Galstaldi v. Sunvest Communities USA, LLC*, 637 F. Supp. 2d 1045, 1057 (S.D. Fla. 2009) (Altonaga, J.). And, Florida's appellate courts have held that FDUTPA "is broadly worded to authorize ... injunctive relief even if those remedies might not benefit the individual consumers who filed the suit."[1] *Davis v. Powertel, Inc.*, 776 So. 2d 971, 975 (Fla. 1st DCA 2000). The Eleventh Circuit, however, is clear that "where a plaintiff seeks prospective injunctive relief, it must demonstrate a 'real and immediate threat' of future injury in order to satisfy the 'injury in fact' requirement" for Article III standing.[2] *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1241 (11th Cir. 2003).

Plaintiff seeks to enjoin Defendants "from its improper conduct and practices" that led to the placement of an authorization hold on her account used to purchase gasoline at the pump. Plaintiff alleges that she "had been [a] loyal Speedway customer[]" for years when the conduct she complains of occurred. (Dkt. 48 ¶ 16). She does not allege that she intends to purchase gasoline at the pump in the future. And, she testified that while she continues to make purchases at Speedway, she makes her purchases inside, rather than at the pump, because she "wasn't going to take a chance again" that an authorization hold would be placed on her account. (Teggerdine Dep. 122:4-19, Aug. 5, 2017,

---

[1] The statute "merely requires an allegation that the consumer is in a position to complain (that he or she is aggrieved by the alleged violation) and that the violation has occurred, is now occurring, or is likely to occur in the future. Nothing in the statute requires proof that the declaratory or injunctive relief would benefit the consumer filing the suit." *Davis v. Powertel, Inc.*, 776 So. 2d 971, 975 (Fla. 1st DCA 2000).

[2] Likewise, the Ninth Circuit has held that even if a state law permits a plaintiff to pursue injunctive relief in state court even though "he or she currently suffers no individualized injury," he or she "may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury to establish Article III standing." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1022 (9th Cir. 2004) (internal quotation marks and citations omitted).

Dkt. 57-1 at 5).

Plaintiff does not allege that she faces a real and immediate threat of future injury from the "improper conduct and practices" she seeks to enjoin. *See Stalley*, 524 F.3d at 1232-22; *Norton*, 324 F.3d at 1241; *Shotz*, 256 F.3d at 1081; *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) ("Logically, 'a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past.'" (citation omitted)). And her testimony does not indicate that she will be exposed to future injury, the authorization hold for pay at the pump purchases. *See Stalley*, 524 F.3d at 1232; *Shotz*, 256 F.3d at 1082. Accordingly, her claims for injunctive relief will be dismissed without prejudice.

## II. Unjust Enrichment

Defendants move to dismiss Plaintiff's unjust enrichment claim, arguing that Plaintiff lacks standing and has failed to state a claim.

To state an unjust enrichment claim under Florida law, Plaintiff must allege that she (1) "conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP*, 137 So. 3d 1081, 1094 (Fla. 3d DCA 2014).

Speedway, in challenging Plaintiff's standing, submits testimony that Speedway did not receive any funds from the hold. Speedway's contention that it did not receive a benefit goes to the merits of Plaintiff's claim. She alleges that as a result of the transaction charging $125, rather than the advertised price of the gasoline, "Defendants received, had use of, and accrued interest" on the excess funds, and that Defendants "should not be permitted to retain money belonging to Plaintiff

5

... unjustly received as a result[.]" (Dkt. 48 ¶¶ 67-72). The Eleventh Circuit cautions that "the district court should only rely on Rule 12(b)(1) '"[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.'" *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (citation omitted). Because Speedway's challenge implicates the merits of Plaintiff's claim, its motion to dismiss her unjust enrichment claim for lack of standing will be denied.

Worldpay contends that Plaintiff lacks standing because she fails to allege that she was harmed. And, Worldpay contends that Plaintiff fails to state a cause of action. Plaintiff expressly alleges that "World[p]ay receives a fee on each payment card transaction made at Speedway," she "conferred a monetary benefit upon World[p]ay by making payment card purchases of gasoline at Speedway," Defendants received, had use of, and accrued interest on these funds . . . wrongfully obtained" from her, and she suffered pecuniary harm as a result. (Dkt. 48 ¶¶ 68, 70, 73). Her allegations are sufficient for standing and state an unjust enrichment claim against Worldpay. *See Stalley*, 524 F.3d at 1232; *Grove Isle Ass'n*, 137 So. 3d at 1094. Accordingly, Worldpay's motion to dismiss the unjust enrichment claim will be denied.

**III. Negligence**

Speedway moves to dismiss Plaintiff's negligence claim, contending that the allegation that it failed to use reasonable care to set a "good faith estimate" of a typical customer transaction is insufficient to state a claim. Speedway's contention is without merit.

Under Florida law, "[a] negligence claim has four elements: (1) a duty by defendant to conform to a certain standard of conduct; (2) a breach by defendant of that duty; (3) a causal connection between the breach and injury to plaintiff; and (4) loss or damage to plaintiff." *Bartsch*

*v. Costello*, 170 So. 3d 83, 86 (Fla. 4th DCA 2015). Plaintiff's allegations that Speedway implemented the Real Time Clearing program changing the holds on consumer accounts from $1.00 to $125.00 overnight and "without disclosure or notification to its customers, and seemingly without notice to even many of its own personnel," that the program was implemented without proper and adequate planning and testing (one test run of nineteen stores before "automated, global implementation"), and that Speedway's actions caused harm by depriving her access to her funds are sufficient to state a plausible claim for negligence. (Dkt. 48 ¶¶ 16, 20-32, 52-57); *Twombly*, 550 U.S. at 547; *Bartsch*, 170 So. 3d at 86. Accordingly, Plaintiff's negligence claim will not be dismissed.

### IV. FDUTPA

Speedway moves to dismiss Plaintiff's FDUTPA claim for failing to state a claim. Speedway contends that she fails to include sufficient facts to make her claim plausible and to sufficiently allege actual damages. Under Florida law, the elements required to establish a FDUTPA claim for damages are: "1) a deceptive act or unfair practice; 2) causation; and 3) actual damages." *KC Leisure, Inc. v. Haber*, 972 So.2d 1069, 1073 (Fla. 5th DCA 2008). Actual damages are "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties."[3] *Smith v. 2001 S. Dixie Highway, Inc.*, 872 So. 2d 992, 994 (Fla. 4th DCA 2004) (citation and internal quotation marks omitted).

Plaintiff alleges that she purchased $5.01 worth of gasoline from Speedway, $59.70 was deducted from her account, and Speedway changed the holds on consumer accounts from $1.00 to

---

[3] Actual damages "do[] not include 'actual consequential' damages", *id.*, "nominal damages, speculative losses, or compensation for subjective feelings of disappointment." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 873 (Fla. 2d DCA 2006).

$125.00 without disclosure or notification to its customers or many of its own personnel. (Dkt. 48 ¶¶ 15-17, 23-24). She alleges that the system was implemented without adequate planning and subsequently malfunctioned. (Dkt. 48 ¶¶ 22-29). And, she alleges that a $125.00 authorization hold exceeds the estimated transaction amount and is not based on a good faith estimate. (Dkt. 48 ¶¶ 81-83). Indeed, Plaintiff's purchase of $5.01 was well below the authorization hold of $125.00 and she was deprived of the use of her excess funds for forty-eight hours. Plaintiff's allegations are sufficient, therefore, to state a FDUTPA claim. *Haber*, 972 So.2d at 1073; *Smith*, 872 So. 2d at 994. Speedway's motion to dismiss her FDUTPA claim will be denied.[4]

**Conclusion**

Speedway LLC's Motion to Dismiss Amended Complaint and Worldpay US, Inc.'s Motion to Dismiss Amended Complaint in Part are **GRANTED in part** and **DENIED in part**. Plaintiff's claims for injunctive relief are **DISMISSED without prejudice** for lack of subject matter jurisdiction. Plaintiff is granted leave to file a second amended complaint within **seven (7) days**, or file a notice of her election not to do so. Defendants' responses are due **seven (7) days** after the filing of the second amended complaint or notice.

**DONE AND ORDERED** this 26th day of January, 2018.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

---

[4] Speedway's prior motion to dismiss her FDUTPA claim was also denied. (Dkt. 34).